US Bank N.A. v Bochicchio (2020 NY Slip Op 00636)





US Bank N.A. v Bochicchio


2020 NY Slip Op 00636


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-04095 
2017-04097
 (Index No. 36270/11)

[*1]US Bank National Association, etc., respondent,
v
Robert P. Bochicchio, appellant, et al., defendants.


Robert P. Bochicchio, Nesconset, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Christian Fletcher, and Gabrielle B. Mannuzza of counsel), for respondent.



DECISION & ORDER
In an action to foreclosure a mortgage, the defendant Robert P. Bochicchio appeals from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated February 21, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and, in effect, denied that defendant's application, in effect, to direct the plaintiff to provide him with a modification agreement based on his acceptance of a Home Affordable Modification Program loan trial period plan, and, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that on the Court's own motion, the notice of appeal from so much of the first order as, in effect, denied the application of the defendant Robert P. Bochicchio, in effect, to direct the plaintiff to provide him with a modification agreement based on his acceptance of a Home Affordable Modification Program loan trial period plan, and, in effect, for summary judgment dismissing the complaint insofar as asserted against him, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On February 28, 2006, the defendant Robert P. Bochicchio (hereinafter the defendant) executed a note in the principal sum of $382,500. The note was secured by a mortgage on certain residential property located in Suffolk County. On October 24, 2008, the defendant entered into a loan modification agreement which, inter alia, modified the unpaid principal balance on the note to [*2]$390,691.09. The defendant allegedly defaulted by failing to make the monthly payment due on May 1, 2009, and all subsequent payments thereafter. In September 2009, the defendant accepted a Home Affordable Modification Program (hereinafter HAMP) loan trial period plan, pursuant to which he made 11 payments of $1,026.79 between September 2009 and August 2010. By letter dated August 20, 2010, the plaintiff informed the defendant that he was not approved for a loan modification due to his failure to provide all the information needed within the required time frame. The plaintiff refunded to the defendant a total of $8,316.70 from the payments he made pursuant to the loan trial period plan. According to the plaintiff, the defendant's loan was reviewed on three separate occasions between October 2009 and August 2010.
In November 2011, the plaintiff, alleging that it was the owner and holder of the note, commenced the instant foreclosure action against the defendant, among others. The defendant interposed an answer in which he asserted various affirmative defenses and counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and made an application, in effect, to direct the plaintiff to provide him with a modification agreement based on his acceptance of a HAMP loan trial period plan, and, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and, in effect, denied the defendant's application. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Where, as here, "the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (id. at 203 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 203 [internal quotation marks omitted]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [internal quotation marks omitted]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff produced the mortgage, the unpaid note, and evidence of the default in the repayment of the loan. The plaintiff also established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint (see U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1114; Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1441-1142; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091). Contrary to the defendant's contention, in opposition, he failed to raise a triable issue of fact as to whether the plaintiff had standing (see U.S. Bank N.A. v Fisher, 169 AD3d at 1090-1091). "[T]here is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (id. at 1091; see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Thus, we need not address the validity of the various assignments of mortgage contained in the record (see US Bank N.A. v Sabharwal, 175 AD3d 1454).
"In a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The [*3]statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
The plaintiff demonstrated, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 670; Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1127; Citimortgage, Inc. v Wallach, 163 AD3d 520, 521; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826-827). The plaintiff submitted an affidavit of Andrea Kruse, a vice president of loan documentation for "Wells Fargo Bank, N.A. d/b/a America's Servicing Company" (hereinafter Wells Fargo), the loan servicer for the plaintiff. Kruse averred that Wells Fargo had authority to service the plaintiff's loan pursuant to a Trust Agreement dated June 1, 2006, and a Securitization Subservicing Agreement, excerpts of which were attached to her affidavit. Based upon her personal knowledge and her review of the books and records maintained by Wells Fargo in the regular course of business as loan servicer, Kruse averred that on April 12, 2011, Wells Fargo sent a 90-day notice pursuant to RPAPL 1304 to the defendant at his residence by certified and first-class mail. She further explained that in 2011, Wells Fargo's regular practice was to date such notices with the date on which the notice was printed, and that two copies of the 90-day notice were printed, with one copy sent by certified mail and one copy sent by first-class mail. In addition, she averred that the copy of the 90-day notice attached to her affidavit was produced from the electronic record created and maintained by Wells Fargo as a result of the process she described. In opposition, the defendant failed to raise a triable issue of fact as to compliance with RPAPL 1304 (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
Moreover, contrary to the defendant's contention, he failed to raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (see M & T Bank v Capolino, 168 AD3d 1045, 1047; CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 853). The defendant failed to establish that the plaintiff acted in bad faith by ultimately denying him a loan modification after having approved him for a HAMP loan trial period plan in September 2009 subsequent to his default in May 2009. While the defendant was making payments from October 2009 through August 2010 pursuant to the trial period plan, the plaintiff was continuing to review his loan to determine if it could offer the defendant a modification. By letter dated August 20, 2010, the plaintiff informed the defendant that he was not approved for a loan modification due to his failure to provide all the information needed within the required time frame. The plaintiff refunded to the defendant a total of $8,316.70 from the payments he had made pursuant to the loan trial period plan. The plaintiff continued to review the loan and by letter dated September 29, 2010, advised the defendant that he was not approved for a modification because an affordable payment could not be reached.
We agree with the Supreme Court's determination, in effect, denying that branch of the defendant's application which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him for the plaintiff's alleged failure to comply with the requirements of RPAPL 1304. The defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to meet his prima facie burden for summary judgment (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24).
We also agree with the Supreme Court's determination, in effect, denying that branch of the defendant's application which was, in effect, to direct the plaintiff to provide him with a modification agreement based on his acceptance of a HAMP loan trial period plan. Contrary to the defendant's contention, he was not entitled to that relief, as the loan trial period plan "was merely a trial arrangement, not an agreement for the binding obligations of the parties going forward" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 21).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and, in effect, denying the defendant's application, in effect, to direct the plaintiff to provide him with a modification agreement, and, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court