Bank of Am., N.A. v Pennicooke (2020 NY Slip Op 04447)





Bank of Am., N.A. v Pennicooke


2020 NY Slip Op 04447


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-09272
 (Index No. 52800/15)

[*1]Bank of America, N.A., respondent, 
v
Clifton Pennicooke, appellant, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellant.
Winston & Strawn LLP, New York, NY (Heather Elizabeth Saydah of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Clifton Pennicooke appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (David F. Everett, J.), dated June 25, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated May 24, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Clifton Pennicooke, for an order of reference, and to reform the mortgage, and upon an order of the same court dated June 25, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On April 12, 2004, the defendant Clifton Pennicooke (hereinafter the borrower) executed a note in favor of Freedom Mortgage Corporation (hereinafter Freedom) in the principal sum of $333,700. The note was secured by a mortgage on certain residential property located in Westchester County. On February 26, 2015, the plaintiff, Bank of America, N.A. (hereinafter BANA), alleging that it was the owner and holder of the note, commenced this mortgage foreclosure action by filing a summons and complaint. BANA alleged that the borrower defaulted on the note by failing to make the payment due on August 1, 2010, and subsequent installments thereto. On April 3, 2015, the borrower interposed an answer in which he asserted various affirmative defenses.
On January 26, 2016, BANA moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrower, to strike the borrower's answer, for an order of reference, and to reform the mortgage to "correct the scrivener's error in the legal description." The borrower opposed the motion. In an order dated May 24, 2017, the Supreme Court granted BANA's motion. The court, among other things, reformed the recorded mortgage nunc pro tunc to include the corrected legal description and appointed a referee to determine the amounts due to BANA. On February 5, 2018, BANA moved to confirm the referee's report and for a judgment of foreclosure and sale. The borrower opposed the motion. In an order dated June 25, 2018, the court granted BANA's motion. The court issued an order and judgment of foreclosure and sale the same day. The borrower appeals.
In support of its motion for summary judgment, BANA produced the mortgage, the [*2]unpaid note, and evidence of the default in the repayment of the loan (see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133). In addition, while the borrower raised the issue of standing, BANA established its standing by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint (see id. at 1135; U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1114; Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1441-1442). Contrary to the borrower's contention, there is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; U.S. Bank N.A. v Bochicchio, 179 AD3d at 1135; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091). BANA also tendered sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21-25; see also U.S. Bank N.A. v Bochiccio, 179 AD3d at 1135; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669). We agree with BANA that Deutsche Bank Natl. Trust Co. v Nelson (183 AD3d 557) is not controlling here as in that case the affiant did not attest to having knowledge of the mailing practices of the entity which sent the required notice and otherwise failed to present a prima facie case of mailing. In opposition to BANA's showing, the borrower failed to raise a triable issue of fact.
BANA further established, prima facie, that, due to a scrivener's error, the legal description annexed to the mortgage inaccurately described the mortgaged property in one clause, and that, in accordance with the intent of the parties, it should have referred to "Lot 161 1/2," rather than "Lot 161/2" (see Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226-1227). Since the borrower failed to raise any issues of fact, the Supreme Court properly granted that branch of BANA's motion which was to reform the mortgage, nunc pro tunc, to correct a scrivener's error to accurately reflect the parties' agreement (see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1183; Wells Fargo Bank, NA v Ambrosov, 120 AD3d at 1226-1227).
The borrower's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court