U.S. Bank N.A. v Haughton (2020 NY Slip Op 07620)





U.S. Bank N.A. v Haughton


2020 NY Slip Op 07620


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-11598
2018-11600
 (Index No. 504032/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Patricia Haughton, etc., et al., defendants, Corona Equity Holdings, LLC, appellant.


Law Offices of Alan J. Waintraub PLLC, Rego Park, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Corona Equity Holdings, LLC, appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 25, 2018, and (2) an order of the same court dated June 26, 2018. The order dated June 25, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Corona Equity Holdings, LLC, and for an order of reference, and denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it or, in the alternative, to toll the accrual of interest on the mortgage loan. The order dated June 26, 2018, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated June 25, 2018, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Corona Equity Holdings, LLC, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated June 25, 2018, is affirmed insofar as appealed from, without costs or disbursements, and so much of the order dated June 26, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Corona Equity Holdings, LLC, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order dated June 26, 2018, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated June 25, 2018.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134, quoting US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455 [internal quotation marks omitted]). "Where, as here, 'the [*2]issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1134, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1134-1135 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1135, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d at 203 [internal quotation marks omitted]).
Here, the plaintiff established, prima facie, its standing to commence this action by attaching to the complaint a copy of the note with an allonge containing an endorsement in blank executed by an officer of the original lender (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 850). However, in opposition, the defendant Corona Equity Holdings, LLC (hereinafter the defendant), raised a triable issue of fact as to whether the plaintiff was in possession of the original note at the time this action was commenced by demonstrating that the plaintiff's predecessor in interest submitted a copy of a different version of the note in connection with a prior action to foreclose this same mortgage (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
We agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred, as the defendant failed to establish, prima facie, that the action was not commenced within the applicable six-year statute of limitations (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 843).
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was to toll the accrual of interest on the mortgage loan. "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915 [internal quotation marks omitted]). Although the defendant points to the fact that this action is the second attempt to foreclose the subject mortgage, the defendant failed to establish that the circumstances surrounding the delay were attributable to wrongdoing by the plaintiff or its predecessor in interest (see Bank of N.Y. Mellon v George, 186 AD3d 661), or that the delay would result in an unconscionable award (see Danielowich v PBL Dev., 292 AD2d 414, 415).
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court