JPMorgan Chase Bank, N.A. v Rodriguez (2022 NY Slip Op 00411)





JPMorgan Chase Bank, N.A. v Rodriguez


2022 NY Slip Op 00411


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-01264
2018-01265
2019-04232
 (Index No. 11218/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Diane Rodriguez, appellant, et al., defendants.


David J. Broderick, P.C., Forest Hills, NY, for appellant.
Parker Ibrahim & Berg, LLP, New York, NY (Diane Ragosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Rodriguez appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated December 15, 2017, and an order and judgment of foreclosure and sale (one paper) of the same court (Julianne T. Capetola, J.) entered February 27, 2019. The first order dated December 15, 2017, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference. The second order dated December 15, 2017, insofar as appealed from, granted the same relief to the plaintiff, struck the defendant's answer, and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders dated December 15, 2017, and upon a decision of the same court dated February 26, 2019, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied the defendant's cross motion to resettle the second order dated December 15, 2017, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated December 15, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Diane Rodriguez and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the defendant's cross motion to resettle the second order dated December 15, 2017, is denied as academic, and the orders dated December 15, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeals from the orders dated December 15, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the [*2]appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On May 27, 2005, the defendant Diane Rodriguez (hereinafter the defendant) executed a note in the sum of $312,000, which was secured by a mortgage on real property in Freeport. On November 24, 2014, the plaintiff commenced the instant action to foreclose the mortgage, alleging, inter alia, that the plaintiff was the holder of the note and entitled to enforce the note, and that the defendant had defaulted in repayment on or about July 1, 2009. The defendant interposed an answer asserting various affirmative defenses and counterclaims, including an affirmative defense based upon the plaintiff's lack of standing.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, in the alternative, pursuant to CPLR 3126 to strike her answer, and for an order of reference. In an order dated December 15, 2017, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In a second order, also dated December 15, 2017, the court, inter alia, granted the same relief to the plaintiff, struck the defendant's answer, and appointed a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, and cross-moved to resettle the second order dated December 15, 2017, so as to remove the language striking the defendant's answer. In a decision dated February 26, 2019, the court determined that the plaintiff's motion should be granted and the defendant's cross motion should be denied. In an order and judgment of foreclosure and sale entered February 27, 2019, the court, inter alia, granted the plaintiff's motion, in effect, denied the defendant's cross motion, and directed the sale of the subject property. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134 [internal quotation marks omitted]; see US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455). "Where, as here, 'the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1134, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203).
Contrary to the defendant's contention, here, the plaintiff established, prima facie, that it had produced the unpaid note and that it had standing to commence this action, by submitting, inter alia, an affidavit from an employee of the plaintiff attesting, based upon his review of the plaintiff's business records, which were annexed to the affidavit, that the plaintiff came into possession of the note on January 12, 2006, prior to commencement of this action (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954; Nationstar Mtge., LLC v Tabick, 193 AD3d 950, 951; U.S. Bank N.A. v Ehrenfeld, 144 AD3d 893, 894).
However, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact as to whether the plaintiff had produced the unpaid note and had standing to commence the action, by submitting, among other things, a copy of another version of the note, purportedly produced by the plaintiff in this litigation, bearing a different version of the defendant's purported signature and initials than the note relied upon by the plaintiff in support of its motion. In an affidavit submitted in opposition to the plaintiff's motion, the defendant averred that she only signed one copy of the note at closing, and denied that any of the copies of the note produced by the plaintiff were the note she signed (see U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1306; Pasechnik v Shporin, 189 AD3d 1060, 1061; U.S. Bank N.A. v Goldin, 160 AD3d 1012, 1014; cf. Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383-384; Citimortgage, Inc. v Laupot, 190 AD3d 680, 682).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 871; [*3]Deutsche Bank Natl. Trust Co. v Jung Lee, 170 AD3d 1117, 1119).
The parties' remaining contentions either are without merit or need nor be reached in light of our determination.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court