Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC (2022 NY Slip Op 04000)

Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC

2022 NY Slip Op 04000

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-02042
2019-02133
 (Index No. 609491/15)

[*1]Atalaya Asset Income Fund II, L.P., respondent,
v
219 Sagg Main, LLC, et al., appellants, et al., defendants.

Berg & David, PLLC, Inwood, NY (Sholom Wohlgelernter of counsel), for appellants.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 219 Sagg Main, LLC, BCR Realty Investments II, LLC, Sagg Main Inv, LLC, Benjamin Ringel, and Yael Ringel appeal from (1) an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated December 20, 2018, and (2) an amended order and judgment of foreclosure and sale (one paper) of the same court, also dated December 20, 2018. The order, insofar as appealed from, denied the application of those defendants to toll the accrual of interest, or alternatively, to reduce the default rate of interest on the mortgage loan after July 1, 2016. The amended order and judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the real property at issue.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
Although the Supreme Court should not have relied on the contract clause in the loan documents at issue to deny the application of the defendants 219 Sagg Main, LLC, BCR Realty Investments II, LLC, Sagg Main Inv, LLC, Benjamin Ringel, and Yael Ringel (hereinafter collectively the defendants) to toll or reduce the default rate of interest on the mortgage loan at issue on the basis that that provision provided that the defendants waived any type of monetary remedy for delays caused by the plaintiff, we affirm on different grounds. "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" [*2](U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1307, quoting Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915; see CPLR 5001[a]). This is true notwithstanding the language in the loan documents at issue wherein the defendants agreed that their sole remedies for unreasonable delays caused by the plaintiff would be limited to "commencing an action seeking injunctive relief or declaratory judgment." Here, the defendants failed to establish that the plaintiff's actions in the litigation warranted the imposition of sanctions against it in the form of limiting the interest awarded to it or otherwise (see CPLR 5001[a]; Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d at 915), or that any delays in the litigation were solely attributable to wrongdoing by the plaintiff (see e.g. U.S. Bank N.A. v Haughton, 189 AD3d at 1307).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court