Wells Fargo, N.A. v Perez (2024 NY Slip Op 50728(U))

[*1]

Wells Fargo, N.A. v Perez

2024 NY Slip Op 50728(U)

Decided on June 13, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2024
Supreme Court, Westchester County

Wells Fargo, N.A., Plaintiff,

against
Margarita Perez; ELIZABETH PEREZ; THE BOARD OF MANAGERS OF PONDSIDE VILLAGE III CONDOMINIUM HOMEOWNERS ASSOCIATION and "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises, Defendants.

Index No. 58595/2023

LOGS LEGAL GROUP LLP counsel for pltf
CLAIR GJERTSEN & WEATHERS PLLC counsel for deft

Robert S. Ondrovic, J.

In a residential foreclosure action, the plaintiff moves for an order granting summary judgment on the complaint insofar as asserted against the defendants Margarita Perez and Elizabeth Perez; striking those defendants' answer and affirmative defenses; granting default judgment against all parties who defaulted in answering; amending the caption; and for an order of reference.
The following papers were considered in connection with the plaintiff's motion:
PAPERS NUMBERED
Notice of Motion, Statement of Material 34 - 48
Facts, Ramirez Affidavit, Smith Affidavit,
Affirmation, Exhibits 1—6,
Response to Statement of Material Facts, 49 -50
Memo of Law in Opposition
Reply Affirmation 51
Discussion
On November 23, 2004, the defendants Margarita Perez and Elizabeth Perez (hereinafter the defendants) executed a note in the sum of $160,000 in favor of the plaintiff Wells Fargo Bank, N.A. The note was secured by a mortgage on certain residential property located at 612 Pondside Drive, White Plains, New York 10607 (hereinafter the subject property).
On March 28, 2023, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage, alleging, inter alia, that the defendants had defaulted in making the mortgage payment due June 14, 2020, and all payments due thereafter. The defendants interposed an answer in which they asserted general denials and fifteen affirmative defenses. A notice of appearance was filed on behalf of the Board of Managers of Pondside Village III Condominium Homeowners Association; however it did not interpose an answer to the complaint.The plaintiff now moves, inter alia, for an order amending the caption to delete defendant "JOHN DOE", as it has been found there is no "John Doe" who is a necessary party to the action, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
In support of the motion, the plaintiff submitted the affidavits of Aldo Ramirez ("Ramirez") and Lenettra D. Smith ("Smith"), both vice presidents of loan documentation employed by the plaintiff. Both Ramirez and Smith averred that they have personal knowledge of the plaintiff's record keeping practices and procedures. Furthermore, Ramirez stated that defendant Margarita Perez executed a Promissory Note in the amount of $160,000 on November 23, 2004. To secure the payment of the Promissory Note, defendants executed and delivered a Mortgage in the same amount. Ramirez also established that the plaintiff has possession of the Promissory Note, as it is the original payee of the Note. In addition, Ramirez submitted that defendant Margarita Perez has defaulted by failing to make the payment that was due on June 14, 2020 and that the default has not been cured to date.
Ramirez and Smith also averred that they are personally familiar with the mailing practices and procedures of the plaintiff. They both stated that plaintiff sent default notice letters dated August 16, 2022, by first-class mail, to the defendants at the subject property indicating that the credit obligation was in default and the amount of $82,766.57 was due and requesting that payment be made by September 25, 2022. Ramirez and Smith asserted that in accordance with the plaintiff's standard mailing procedures, 90-day notices with a list of at least five housing counseling agencies which serve the County in which the property is located, in compliance with RPAPL §1304, were served on the defendants via certified and first-class mail at the subject premises on August 18, 2022. In addition, within three business days of mailing the 90-day notice, the plaintiff electronically filed the notices with the New York State Superintendent of Financial Services, in accordance with RPAPL §1306(2). Ramirez stated that the defendants did not remit payment. Attached as exhibits to the plaintiff's motion and the Ramirez and Smith affidavits are, among other things, copies of the default notice letters and 90-day notices.
In support of its motion, the plaintiff argued, inter alia, that it demonstrated its prima [*2]facie entitlement to summary judgment on the complaint by submitting the mortgage, the unpaid note, and evidence of the default. The plaintiff further argued that the defendants' affirmative defenses are all either without merit and/or conclusory in nature. With respect to the issue of standing, plaintiff asserted that it demonstrated through the affidavit of Ramirez that it is the original lender and remains in possession of the note and mortgage.
In a memorandum of law in opposition, the defendants contended that there exist questions of fact pertaining to the date of default. Defendants contend that the loan history proffered by the plaintiff is a " confusing compilation of numbers and dates " and that while plaintiff asserts that the date of default was June 14, 2020, the loan history shows that payments were made by defendants after the alleged default date. The defendants further argued that should plaintiff's motion be granted, that their answer should not be stricken as they maintain their right to further participate in this action when damages are evaluated which may directly impact them.
In a reply affirmation, the plaintiff argued that all affirmative defenses have been abandoned as the defendants did not address them or present any admissible evidence in opposition to the plaintiff's prima facie showing demonstrating its entitlement to summary judgment. Additionally, the plaintiff submits that should the defendant's answer and affirmative defenses be stricken, the plaintiff does not seek to deny the defendants their right to a Referee's hearing, as it is undisputed that the defendants appeared in this action.
Analysis
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134 [2d Dept. 2020] [internal quotation marks omitted]; see US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455 [2d Dept. 2019]). "Where, as here, 'the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1134, quoting Bank of NY Mellon v Gordon, 171 AD3d 197, 203 [2d Dept. 2019]).
"To have standing to commence a foreclosure action, a plaintiff must have been the holder or assignee of the note at the time the action was commenced, and 'the note is the dispositive instrument that conveys standing to foreclose under New York law'" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 620-621 [2d Dept. 2022], quoting Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). 
Here, the plaintiff established its standing through the Ramirez affidavit which asserted that the plaintiff is the original lender and remains the holder of the note. In opposition, the defendants failed to come forward with admissible evidence to raise a triable issue of fact as to the plaintiff's standing (see HSBC Bank USA, N.A. v Blair-Walker, 202 AD3d 1065, 1067-1068 [2d Dept. 2022]; United States Bank Trust, N.A. v Mehl, 195 AD3d 1054, 1055 [2d Dept. 2021]).
In addition, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the underlying mortgage, the unpaid note, and evidence of the defendants' default. In opposition the defendants failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Kavoit, 220 AD3d 842, 843 [2d Dept. 2023]). As to the defendants' argument [*3]that payments were made after the June 14, 2020 default date, the plaintiff concedes in its reply affirmation that it received payments at various times after the default date. However, the plaintiff asserts that those payments were insufficient to cure the entire amount of all past due payments and to reinstate the loan. Therefore, based upon the complete payment history attached to the Ramirez affidavit, the plaintiff has proffered admissible evidence of the date of the defendants' default sufficient to demonstrate its prima facie entitlement to summary judgment (Bank of NY Mellon v Gordon, 171 AD3d 197 [ 2d Dept. 2019]). In opposition, the defendants did not dispute the debt or that they defaulted on their payments in 2020 and for multiple periods of time thereafter. Furthermore, disputes as to the amount owed do not preclude the granting of summary judgment (Emigrant Bank v Cohen, 205 AD3d 103 [2d Dept. 2022]). Therefore, the court finds that, in opposition, the defendants have failed to raise a material issue of fact regarding the plaintiff's evidence of their default.
Furthermore, the defendants' affirmative defenses raised in the answer and not addressed by the defendants in opposition to the plaintiff's motion are dismissed as abandoned (see Wells Fargo Bank, N.A. v Carrington, 221 AD3d 746, 749 [2d Dept. 2023]).
Turning to that branch of the plaintiff's motion which seeks a default judgment, "an applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear". See CPLR §3215 [f]; US Bank, Natl Assn v Razon, 115 AD3d 739 [2d Dept 2014].
CPLR §3215 does not contemplate that default judgments are to be rubberstamped once jurisdiction and a failure to appear have been shown. See Feffer v Malpeso, 210 AD2d 60 [1st Dept 1994]. Some proof of liability is also required to satisfy the Court as to the prima facie validity of the uncontested cause of action. See CPLR §3215 [f]); Feffer v Malpeso, supra. To demonstrate "the facts constituting the claim" the movant need only submit sufficient proof to enable a court to determine that "a viable cause of action exists". See Woodson v Mendon Leasing Corp, 100 NY2d 62, 71 [2003]; Fried v Jacob Holding, Inc, 110 AD3d 56, 59 [2d Dept 2013].
The court finds that plaintiff has submitted proof of the summons and complaint on the defendant Board of Managers of Pondside Village III Condominium Homeowners Association ("the Board"), proof of the facts constituting the claim through the Ramirez affidavit and proof of the Board's failure to interpose an answer after it filed a notice of appearance.
Accordingly, those branches of plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Margarita Perez and Elizabeth Perez, striking those defendants' answer and affirmative defenses, granting default judgment against defendant the Board of Managers of Pondside Village III Condominium Homeowners Association and for an order of reference are granted.
Finally, that branch of the plaintiff's motion which was to amend the caption to delete "JOHN DOE" as a defendant in this action is granted based on plaintiff's showing that defendant "JOHN DOE" is not a necessary party to this action (see CPLR 3025[b]).
Accordingly, it is,
ORDERED that those branches of the plaintiff's motion which were to amend the caption to delete "JOHN DOE" as a defendant, for summary judgment on the complaint insofar as asserted against the defendants Margarita Perez and Elizabeth Perez, striking those defendants' answer and affirmative defenses and granting default judgment against the defendant Board of [*4]Managers of Pondside Village III Condominium Homeowners Association are GRANTED; and it is further,
ORDERED that the caption be amended to delete "JOHN DOE" as a defendant; and it is further 
ORDERED that the caption is amended to read as follows:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------------------X
WELLS FARGO BANK, N.A.,                                                           Plaintiff,                                                                                         INDEX NO.: 58595/2023
-against-
MARGARITA PEREZ, ELIZABETH PEREZ and
THE BOARD OF MANAGERS OF PONDSIDE
VILLAGE III CONDOMINIUM HOMEOWNERS
ASSOCIATION,                                                             Defendants.
----------------------------------------------------------------------------X
and it is further,
ORDERED that the branch of the plaintiff's motion which was for an order of reference is GRANTED; and it is further,
ORDERED that __________________________________________________________,
with an address of _______________________________________________, telephone number; _____________, is hereby appointed Referee to ascertain and compute the amount due to the plaintiff for principal, interest, and other disbursements on the note and mortgage sued upon which this action was brought to foreclose, and to examine and report whether or not the mortgaged premises can be sold in one parcel and that Referee make his/her report to the Court within sixty (60) days of this order and that the plaintiff shall move for judgment within thirty (30) days of the Referee's report, and it is further,
ORDERED that pursuant to CPLR § 8003(a), the statutory fee of $350.00, and in the discretion of the Court, a fee of $750.00 upon sale of the property, shall be paid to the Referee for the computation of the amount due and upon the filing of his or her report, and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the Court in accordance with CPLR § 8003(b), and it is further,
ORDERED that no hearing shall be required as the Referee is appointed to hear and report, which is a purely ministerial act; and it is further,
ORDERED, that, if required, said Referee take testimony pursuant to RPAPL § 1321; and it is further
ORDERED that by accepting this appointment the said Referee certifies that he or she is in compliance with Part 36 of the Rules of the Chief Administrative Judge, including, but not [*5]limited to, 22 NYCRR 36.2(c) and 36.2(d), and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify this Court, and it is further,
ORDERED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further,
ORDERED that plaintiff shall serve a copy of this Decision and Order with notice of entry upon all parties and persons entitled to notice, including the Referee appointed herein, within 10 days of the date of entry hereof. The Referee shall not proceed to take evidence as provided herein without proof of such service, which proof must accompany any application for final judgment of foreclosure and sale.
The foregoing constitutes the Decision and Order of this Court.
Dated: June 13, 2024
White Plains, New York
ENTER,
_________________________________
HON. ROBERT S. ONDROVIC, J.S.C.