Yakte Props., LLC v Milner (2025 NY Slip Op 00496)

Yakte Props., LLC v Milner

2025 NY Slip Op 00496

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 850102/21 Appeal No. 3605 Case No. 2023-03179 

[*1]Yakte Properties, LLC, Plaintiff-Respondent,
v
Todd A. Milner, Defendant-Appellant, Capital One, N.A., et al., Defendants.

Rosenbaum & Taylor, P.C., White Plains (Dara L. Rosenbaum of counsel), for appellant.
Leopold & Associates, PLLC, Armonk (Stephanie Rojas of counsel), for respondent.

Order Supreme Court, New York County (Francis A. Kahn, III, J.), entered May 22, 2023, which, insofar as appealed from, denied defendant Todd A. Milner's cross-motion to dismiss the complaint based on documentary evidence and failure to state a claim and for summary judgment dismissing the complaint as barred by the statute of limitations, unanimously affirmed, without costs.
The court properly denied Milner's cross motion to dismiss pursuant to CPLR 3211(a)(1) and CPLR 3211(a)(7). Milner did not make a pre-answer motion to dismiss or raise the defense based on documentary evidence pursuant to CPLR 3211(a)(1); thus, any purported defense based on CPLR 3211(a)(1) is waived (see CPLR 3211 [e]). The court also properly declined to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Plaintiff's complaint alleges causes of action seeking foreclosure, as well as reformation of the legal description of the property in the CEMA mortgage, vacatur of the allegedly erroneous satisfactions, and vacatur of an allegedly erroneous affidavit of lost assignment. Plaintiff may simultaneously maintain its foreclosure action while seeking to reform the subject mortgage (see e.g. Bank of Am., N.A. v Pennicooke, 186 AD3d 545, 545 [2d Dept 2020]).
Milner's cross-motion pursuant to CPLR 3212 based on the statute of limitations was properly denied. Milner failed to establish prima facie that the six-year-statute of limitations applies to the allegedly erroneous discharge of the original mortgage (see LNV Corp. v Sorrento, 154 AD3d 840, 841 [2d Dept 2017]). In any event, the allegedly erroneous satisfaction of the original mortgage is irrelevant because the original mortgage was incorporated into the later mortgage (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1190-1191 [2d Dept 2021]). Milner submits no evidence to show that the subject CEMA mortgage has been satisfied.
Although plaintiff seeks to correct the allegedly erroneous description of the property in the CEMA mortgage, even in the absence of such correction, plaintiff may still be entitled to relief through an equitable lien on the property (see Federal Deposit Ins. Corp. v Five Star Mgt., 258 AD2d 15, 21-22 [1st Dept 1999]). Therefore, although the statute of limitations seeking reformation based on mistake may have passed (see CPLR 213 [6]), defendant is not entitled to dismissal of the action.
We have considered Milner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025