Wells Fargo Bank, N.A. v Ciurleo (2025 NY Slip Op 07039)

Wells Fargo Bank, N.A. v Ciurleo

2025 NY Slip Op 07039

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-02268
 (Index No. 704673/19)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Joseph Ciurleo, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Schuyler B. Kraus and Claire A. Standish of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated January 12, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Ciurleo, to strike his answer and affirmative defenses, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to strike the affirmative defense of the defendant Joseph Ciurleo alleging failure to comply with RPAPL 1304, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2003, the defendant Joseph Ciurleo (hereinafter the defendant) executed a note in the sum of $569,600 in favor of the defendant FFFC, which was secured by a mortgage on certain residential property located in Queens. In March 2011, the defendant executed a loan modification agreement in which he reaffirmed the subject mortgage debt and agreed to a new principal balance and monthly payment amount, among other things. In March 2018, the defendant executed another loan modification agreement. The defendant then allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on May 1, 2018, and thereafter.
In March 2019, the plaintiff, FFFC's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. In an amended answer, the defendant asserted various affirmative defenses, including the plaintiff's purported lack of standing and failure to comply with RPAPL 1304. In January 2020, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant, among other things, opposed the motion. By order dated January 12, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). "[W]here, as here, the plaintiff in a residential foreclosure action alleges in its complaint [*2]that it has served a RPAPL 1304 notice on the borrowers, the plaintiff must, in support of a motion for summary judgment, prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 803 [internal quotation marks omitted]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). "RPAPL 1304(1) provides that 'with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower'" (U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122, 1123). "The statute further provides the required content for the notice" (Bank of N.Y. Mellon v Dilavore, 233 AD3d 930, 931 [internal quotation marks omitted]), and "requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716 [internal quotation marks omitted]). "A plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Wells Fargo Bank, N.A. v Fregosi, 222 AD3d 811, 812).
Here, the plaintiff established, prima facie, that it complied with the notice and mailing requirements of RPAPL 1304 (see Bank of N.Y. Mellon v Dilavore, 233 AD3d at 931-932). In support of its motion, the plaintiff submitted an affidavit of an employee of its loan servicer "who averred that she was familiar with [the servicer's] mailing practices and procedures, and described a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891). Attached to the employee's affidavit were, among other things, copies of the 90-day notices mailed to the defendant with United States Postal Service (hereinafter USPS) tracking numbers printed thereon, a copy of the servicer's letter log, and USPS records regarding the copy sent via certified mail (see Bank of Am., N.A. v Bloom, 202 AD3d 736, 738; Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d at 891-892; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827). The Supreme Court did not conclude that the plaintiff's submissions were insufficient to demonstrate that the 90-day notices were mailed to the defendant at the address printed thereon. Instead, the court determined that the plaintiff failed to comply with RPAPL 1304 because the address on the notices differed slightly from the address for the subject property as listed in the note. However, the plaintiff submitted evidence sufficient to demonstrate that the address listed in the note contained a typographical error, and that the address set forth in the 90-day notices was correct (see generally Bank of Am., N.A. v Pennicooke, 186 AD3d 545, 546; Deutsche Bank Natl. Trust Co. v Romano, 147 AD3d 1021, 1023).
In opposition, the defendant confirmed, in an affidavit, that the address set forth in the 90-day notices was correct. Therefore, under the circumstances presented, the Supreme Court should have determined that the plaintiff established, prima facie, its compliance with RPAPL 1304 as a matter of law, and that the defendant failed to raise a triable issue of fact in opposition (see Bank of N.Y. Mellon v Dilavore, 233 AD3d at 931-932; Ditech Fin., LLC v Naidu, 198 AD3d 611, 614). Accordingly, the court should have granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304.
Nonetheless, the plaintiff's compliance with RPAPL 1304 does not end the inquiry as to whether it demonstrated, inter alia, its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant. "[W]here, as here, the plaintiff's standing has been placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (HSBC Bank USA, N.A. v Sene, 219 AD3d 1499, 1500; see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Deutsche Bank Trust Co. Ams. v McDonald, 216 AD3d 735, 737 [internal quotation marks omitted]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable [*3]incident" (U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998). "Where a plaintiff is relying on physical possession of the note, it may establish its prima facie case by simply annexing the note, endorsed in blank or to the plaintiff, to the complaint, or by an affidavit of its representative" (Deutsche Bank Trust Co. Ams. v McDonald, 216 AD3d at 737 [internal quotation marks omitted]). Further, "[w]here the note is attached to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained before a particular date" (Bank of N.Y. Mellon v Swift, 213 AD3d 624, 626).
Here, the plaintiff established, prima facie, that it had physical possession of the note prior to the commencement of this action, as evidenced by its attachment of a copy of the note, which contained an endorsement to the plaintiff executed by FFFC, to the summons and complaint when the action was commenced (see Amalgamated Bank v Freue, 178 AD3d 890, 890-891; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889).
However, in opposition, the defendant's submissions were sufficient to raise triable issues of fact as to the plaintiff's standing to commence this action (see U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1306). The defendant submitted a copy of a lost note affidavit, which was executed in 2005 and filed in a prior action to foreclose the mortgage commenced that same year, in which an authorized agent of the plaintiff averred that the original note could not be located after a "thorough and diligent search." Although the plaintiff allegedly was unable to locate the note in 2005, the employee of its loan servicer asserted in her affidavit submitted in support of the plaintiff's motion that the plaintiff "has been in continuous physical possession of" the note "since September 3, 2003" (see CitiMortgage, Inc. v Barbery, 186 AD3d 448, 449-450). The defendant also submitted a copy of the note purportedly filed in another action that was commenced in 2007 to foreclose the mortgage (hereinafter the 2007 action). That copy of the note did not contain the endorsement from FFFC to the plaintiff that was set forth on the copy thereof annexed to the summons and complaint filed in this action, even though FFFC purportedly delivered the note to the plaintiff in 2003, years prior to the commencement of the 2007 action. Although the plaintiff may have had adequate explanations for these discrepancies, it failed to offer any evidence in response to the defendant's submissions that explained them. Therefore, under the circumstances presented, the defendant's submissions were sufficient to create triable issues of fact as to whether the plaintiff was in possession of the original note at the time this action was commenced and as to the circumstances resulting in the endorsement on the copy of the note attached to the summons and complaint (see JPMorgan Chase Bank, N.A. v Rodriguez, 201 AD3d 903, 905-906; U.S. Bank N.A. v Haughton, 189 AD3d at 1306; CitiMortgage, Inc. v Barbery, 186 AD3d at 449-450).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, other than the affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court