VFS Lending JV II, LLC v Krasinski (2021 NY Slip Op 04572)





VFS Lending JV II, LLC v Krasinski


2021 NY Slip Op 04572


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2018-00728
2021-05072
 (Index No. 3015/16)

[*1]VFS Lending JV II, LLC, appellant,
v
Olga Krasinski, et al., respondents, et al, defendants.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey Metz of counsel), for appellant.
Zerilli & Associates, P.C., New City, NY (Joseph M. Becker of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 4, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Olga Krasinski and David Krasinski, Jr., which was for summary judgment on stated portions of their counterclaims alleging violations of Banking Law §§ 6-l and 6-m. The appeal brings up for review so much of an order of the same court dated May 11, 2018, as, upon reargument, adhered to the determination in the order dated October 4, 2017 (see CPLR 5517[b]).
ORDERED that the appeal from the order dated October 4, 2017, is dismissed, as that order was superseded by the order dated May 11, 2018, made upon reargument; and it is further,
ORDERED that the order dated May 11, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff commenced this action against the defendants Olga Krasinski and David Krasinski, Jr. (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property in Goshen. The defendants interposed an answer in which they asserted, among other things, counterclaims alleging violations of Banking Law §§ 6-l and 6-m. Thereafter, the defendants moved, inter alia, for summary judgment on those counterclaims. The plaintiff cross-moved, among other things, to dismiss the counterclaims. In an order dated October 4, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment on their counterclaims alleging violations of Banking Law §§ 6-l and 6-m, determined that the defendants were entitled to a judgment declaring the loan to be void, and to damages, and ordered a hearing to conduct an assessment of damages. The plaintiff appeals from the order dated October 4, 2017. In a subsequent order dated May 11, 2018, the court, inter alia, upon reargument, adhered to its original determination in the order dated October 4, 2017.
The plaintiff contends that the Supreme Court erred in granting summary judgment on the defendants' counterclaims alleging violations of Banking Law §§ 6-l and 6-m because the subject loan is not a home loan as defined by Banking Law §§ 6-l(1)(e)(i)-(v) and 6-m(1)(d)(i)-(v). However, this contention is improperly raised for the first time on appeal (see Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1126, 1127). Contrary to the plaintiff's contention, under the circumstances of this case, the issue does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention (see id. at 1127-1128).
The plaintiff's further contention that the Supreme Court lacked authority under Banking Law § 6-l to void the subject loan is without merit. Banking Law § 6-l(10) provides, in pertinent part, that "[a] home loan agreement shall be rendered void" where the court finds "an intentional violation by the lender of this section" (id.). Here, the defendants established, prima facie, that certain violations of Banking Law § 6-l, which appear on the face of the loan documents, were intentional, and the plaintiff failed to raise a triable issue of fact in opposition. The court also properly determined that the defendants were entitled to damages pursuant to Banking Law § 6-l(7)(a)-(b). Moreover, contrary to the plaintiff's contention, the court also had authority under Banking Law § 6-m to void the loan, as Banking Law § 6-m(11) authorizes "injunctive, declaratory and such other equitable relief" as the court deems appropriate. Lastly, there is no merit to the plaintiff's contention that the court erred in determining that it violated Banking Law § 6-m(2)(c) and (m) (see Bakhash v Winston, 134 AD3d 468, 469).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment on their counterclaims alleging violations of Banking Law §§ 6-l and 6-m.
LASALLE, P.J., CHAMBERS, AUSTIN, and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court