Bank of Am., N.A. v Montagnese (2021 NY Slip Op 05683)





Bank of Am., N.A. v Montagnese


2021 NY Slip Op 05683


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04007
2018-04008
2019-06077
 (Index No. 64253/14)

[*1]Bank of America, N.A., respondent,
v
Vincent Montagnese, et al., defendants, Diane Montagnese, appellant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Jonathan E. Ginsberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Montagnese appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated January 11, 2018, and an order and judgment of foreclosure and sale (one paper) of the same court entered April 22, 2019. The first order dated January 11, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Diane Montagnese and for an order of reference. The second order dated January 11, 2018, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders dated January 11, 2018, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated January 11, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated January 11, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In March 2004, the defendant Diane Montagnese (hereinafter the defendant) and Vincent Montagnese executed a consolidated mortgage on certain real property located in Suffolk County, as well as a consolidation, extension, and modification agreement (hereinafter CEMA). A [*2]consolidated note was also executed on the same day in March 2004, but only by Vincent Montagnese. In June 2014, the plaintiff commenced this action against the defendant, among others, to foreclose the consolidated mortgage. The defendant interposed an answer asserting, inter alia, violation of RPAPL 1304 and lack of standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, contending, inter alia, that the plaintiff failed to comply with certain provisions of RPAPL 1304. However, the defendant did not raise any contentions regarding the plaintiff's alleged lack of compliance with the provisions of RPAPL 1304 relating to service requirements. In an order dated January 11, 2018, the Supreme Court granted the plaintiff's motion. In a second order also dated January 11, 2018, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered April 22, 2019, the court, among other things, granted the plaintiff's motion and directed the sale of the property. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court correctly determined that the plaintiff had standing to commence the action. "Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). "Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 668). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (id. at 668). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135 [internal quotation marks omitted]). Here, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667; U.S. Bank N.A. v Greenberg, 168 AD3d 893). Contrary to the defendant's contention, she failed to raise a triable issue of fact as to whether the plaintiff had standing, since "where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (U.S. Bank N.A. v Greenberg, 168 AD3d at 895).
The defendant's contention that the plaintiff's submissions in support of its motion failed to demonstrate strict compliance with the service requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 672; Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1590; Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 558; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; cf. HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824). The issue does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention (see VFS Lending JV II, LLC v Krasinski, 196 AD3d 720, 721; cf. HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 824).
Contrary to the defendant's contention, the conduct of the plaintiff in this action was not so egregious as to warrant the cancellation of interest that accrued on the mortgage note (see Nationstar Mtge., LLC v Dunn, 186 AD3d 836, 837; cf. BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 864). Further, the Supreme Court providently exercised its discretion in adopting the referee's calculation of the property inspection fee and the escrow advances, since those findings have substantial support in the record (see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823).
The parties' remaining contentions are without merit.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court