HSBC Bank USA, N.A. v Blair-Walker (2022 NY Slip Op 01150)





HSBC Bank USA, N.A. v Blair-Walker


2022 NY Slip Op 01150


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-12899
2018-12599
2019-10047
 (Index No. 711762/15)

[*1]HSBC Bank USA, N.A., respondent,
v
Elaine E. Blair-Walker, etc., appellant, et al., defendants.


Elaine Blair-Walker, named herein as Elaine E. Blair-Walker, St. Albans, NY, appellant pro se.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali, Margaret J. Cascino, and Arsenio Rodriguez of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Elaine E. Blair-Walker appeals from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated April 28, 2017, (2) an order of the same court entered August 17, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered January 31, 2019. The order dated April 28, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elaine E. Blair-Walker and for an order of reference and denied that defendant's cross motion to strike the plaintiff's affidavit of merit. The order entered August 17, 2018, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denied the cross motion of the defendant Elaine E. Blair-Walker to reject the referee's report. The order and judgment of foreclosure and sale entered January 31, 2019, upon the order dated April 28, 2017, and the order entered August 17, 2018, inter alia, confirmed the referee's report and directed the sale of the real property at issue.
By order to show cause dated March 24, 2021, the parties to the appeal were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order dated April 28, 2017, on the ground that the right of direct appeal therefrom terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated May 28, 2021, the motion to dismiss the appeal from the order dated April 28, 2017, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.



DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order dated April 28, 2017, is granted; and it is further,
ORDERED that the appeal from the order dated April 28, 2017, is dismissed; and it is further,
ORDERED that the appeal from the order entered August 17, 2018, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the order dated April 28, 2017, and the order entered August 17, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In November 2015, the plaintiff commenced this action against the defendant Elaine E. Blair-Walker (hereinafter the defendant), among others, to foreclose a mortgage securing certain real property owned by the defendant in Queens (hereinafter the premises). The defendant interposed an answer asserting, inter alia, the affirmative defense of lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved to strike the plaintiff's affidavit of merit. In an order dated April 28, 2017 (hereinafter the April 2017 order), the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and denied the defendant's cross motion. Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion and cross-moved to reject the referee's report. In an order entered August 17, 2018 (hereinafter the August 2018 order), the court granted the plaintiff's motion and denied the defendant's cross motion. In an order and judgment of foreclosure and sale entered January 31, 2019, the court, among other things, confirmed the referee's report and directed the sale of the premises. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, "a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Montagnese, 198 AD3d 850, 851 [internal quotation marks omitted]; see U.S. Bank, N.A. v Zientek, 192 AD3d 1189, 1190). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing to be entitled to relief against the defendant (see Bank of Am., N.A. v Montagnese, 198 AD3d at 852). "'A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134-1135, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (Bank of Am., N.A. v Montagnese, 198 AD3d at 852, quoting U.S. Bank N.A. v Bochicchio, 179 AD3d at1135).
Here, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note at the time it commenced the action, as it attached a copy of the note, endorsed in blank, to the summons and complaint (see Bank of Am., N.A. v Montagnese, 198 AD3d at 852; U.S. Bank N.A. v Bochicchio, 179 AD3d at 1135). In opposition, the defendant failed to raise a triable issue of fact (see U.S. Bank N.A. v Bochicchio, 179 AD3d at 1135; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091). The plaintiff established the defendant's default through, inter alia, the affidavit of merit submitted in support of its motion for summary judgment. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion [*2]which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and denied the defendant's cross motion.
"'The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility'" (U.S. Bank N.A. v Morton, 196 AD3d 715, 717, quoting 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020). "'The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned'" (Matter of Koegel, 184 AD3d 764, 765, affd ___ NY3d ___, 2021 NY Slip Op 07058, quoting Martin v City of Cohoes, 37 NY2d 162, 165). The doctrine "'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision'" (Flatbush Two, LLC v Morales, 190 AD3d 826, 827, quoting Baldasano v Bank of N.Y., 199 AD2d 184, 185).
The Supreme Court properly denied the defendant's cross motion to reject the referee's report in its August 2018 order as the issues as to standing and the affidavit of merit, which the defendant raised in support of her cross motion, were precluded by the doctrine of the law of the case since the court had properly decided those issues on their merits in its April 2017 order (see e.g. Matter of Koegel, 184 AD3d at 766). Moreover, the referee's determination as to the amount due to the plaintiff was supported by the record and, under the circumstances of this case, the referee was not required to conduct a hearing before issuing the report (see Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 794; Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 492). Accordingly, the court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court