U.S. Bank N.A. v Barton (2022 NY Slip Op 04319)

U.S. Bank N.A. v Barton

2022 NY Slip Op 04319

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11536
 (Index No. 500472/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Judith Barton, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Judith Barton appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 13, 2019. The order and judgment granted the plaintiff's motion, in effect, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
In January 2015, the plaintiff commenced this action against the defendant Judith Barton (hereinafter the defendant), among others, to foreclose the subject mortgage. The defendant interposed an answer. In an order dated September 4, 2017, made after a nonjury trial, the Supreme Court, inter alia, in effect, determined that the plaintiff was entitled to foreclose on the mortgage, struck the defendant's answer, and appointed a referee to ascertain and compute the amount due to the plaintiff.
In a report dated December 27, 2018, the referee computed the amount due to the plaintiff. The plaintiff then moved, in effect, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated August 13, 2019, the Supreme Court granted the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]; see [*2]HSBC Bank USA, N.A. v Blair-Walker, 202 AD3d 1065, 1068). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see HSBC Bank USA, N.A. v Sharon, 202 AD3d 764).
Here, as the defendant correctly contends, the affidavit of the plaintiff's servicing agent, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, "constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records [s]he purportedly relied upon in making [her] calculations" (Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Thus, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see HSBC Bank USA, N.A. v Sharon, 202 AD3d at 766; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court