U.S. Bank N.A. v Young (2023 NY Slip Op 01319)

U.S. Bank N.A. v Young

2023 NY Slip Op 01319

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01476
 (Index No. 509399/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Althea Young, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Sarah J. Greenberg and Riyaz G. Bhimani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Althea Young and Norman Young appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated December 10, 2019. The order and judgment of foreclosure and sale, upon an order of the same court also dated December 10, 2019, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property. The notice of appeal from the order is deemed to be a notice of appeal from the order and judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2015, the plaintiff commenced this action against the defendants Althea Young and Norman Young (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property owned by the defendants in Brooklyn. Thereafter, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and appointed a referee to compute the amount due to the plaintiff. After a hearing, the referee computed the amount due to the plaintiff and issued a report accordingly. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated December 10, 2019, the court granted the plaintiff's motion. In an order and judgment of foreclosure and sale dated December 10, 2019, the court, among other things, confirmed the referee's report and directed the sale of the property. The defendants appeal.
"At any stage of an action . . . the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded" (CPLR 2001). Here, although the plaintiff initially failed to submit the transcript from the referee's hearing and the exhibits referred to in the referee's report with its motion to confirm the referee's report and for a judgment of foreclosure and sale, it submitted that transcript and those exhibits in its reply papers, and the Supreme Court properly considered them (see 21st Mtge. Corp. v Rudman, 201 AD3d 618, [*2]625).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Blair-Walker, 202 AD3d 1065, 1068 [internal quotation marks omitted]; see 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019). Here, contrary to the defendants' contentions, the referee's findings with regard to the amount due under the note and mortgage are substantially supported by the record (see 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d at 1020; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 459; see also Bank of Am., N.A. v Bloom, 202 AD3d 736, 738).
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court