**Alonso v 401 E. 74 Owners Corp.**

2025 NY Slip Op 31902(U)

May 29, 2025

Supreme Court, New York County

Docket Number: Index No. 158349/2018

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**         PART          21

*Justice*

-----------------------------------------------------------------------------X

MARK J. ALONSO and
MARYANN SERRALLES ALONSO,

                   Plaintiffs,

           - v -

401 EAST 74 OWNERS CORP.,

                   Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158349/2018 |
| **MOTION DATE** | 05/29/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 1, 135, 212, 213, 222-275

were read on this motion to/for       REARGUMENT/RECONSIDERATION     .

      In this dispute between a cooperative corporation and one of its shareholders, plaintiffs now move to reargue this court's pretrial ruling, which denied plaintiffs' oral application to amend the complaint on the eve of trial, to include causes of action from another action which were dismissed. Defendant opposes the motion.

## BACKGROUND

      Plaintiffs Mark J. Alonso and his wife, Maryann Seralles Alonso, are shareholders of stock allocated and parties to proprietary leases to Apartments 12C and 12D in a cooperative apartment building owned by defendant 401 E 74 Owners Corp. (Co-op).

      On September 9, 2018, plaintiffs commenced this action against the Co-op, seeking a judgment declaring that a notice to cure allegedly issued on October 21, 2018 by the Co-op is null and void (*see* NYSCEF Doc. No. 1, complaint ¶¶ 15, 28; *see also* Plaintiffs' Exhibit 1 in support of motion [NYSCEF Doc. No. 232]). The notice to cure allegedly stated that plaintiffs were in default of their proprietary lease with defendant because they have a washing machine, and the notice allegedly demanded that plaintiffs remove their washing machine and complete remedial work on a ventilation system (complaint ¶ 15). According to plaintiffs, they are not required to remove their washing machine, based on defendant's rules respecting "grandfathered" washing machines (*id.* ¶ 17). Plaintiff also seek attorneys' fees if they prevail (*id.* ¶¶ 29-31).

      Meanwhile, on August 9, 2022, plaintiffs commenced a separate action against the individuals who serve and/or served on the Co-op's Board of Directors, *Alonso v Doherty*, Index No. 156760/2022 (the Directors lawsuit). There, plaintiffs asserted two causes of action of action against the directors for breach of fiduciary duty (*see* Co-op's

[* 1]

Exhibit 10 in opposition, *Alonso v Doherty* complaint [NYSCEF Doc. No. 262]).  The alleged breaches are based on the following:

> "(a) misrepresenting the content and existence of the Corporation's washing machine policies, and, in 2022, the interpretation of a Corporation rule enacted in September, 2010, relating to washers and dryers;
>
> (b) starting in June, 2019, directing the Corporation to cease providing all services to Plaintiffs and the Apartment except in case of dire emergencies, such as a flood or fire;
>
> (c) refusing to allow Plaintiffs to cure their alleged default(s) through submission of an Alteration Agreement(s);
>
> (d)  restraining Plaintiffs' alienation of their shares in the Corporation; and
>
> (e) creating a rule unequally and specifically for Plaintiffs requiring an Alteration Agreement for removal of a washing machine, which had never been required of other shareholders removing washing machine" (*id.* ¶ 37).

The Co-op is not a defendant in the Directors lawsuit.

The individual directors brought a pre-answer motion to dismiss the Directors lawsuit pursuant to CPLR 3211 (a) (4), among other grounds.  Plaintiffs opposed the motion, arguing that the Directors lawsuit and this action were not identical; that the wrongs were completely distinct—that the breach of fiduciary duties occurred only after the filing of the and during discovery in this action (*see* NYSCEF Doc. No. 39, memo of law in opposition at 15-17, in *Alonso v Doherty*, Sup Ct, NY County, index no. 156760/2022).

By decision and order dated January 21, 2025, Justice Mary V. Rosado granted the motion to dismiss the Directors lawsuit, based on a prior pending action (*see* Co-op's Exhibit 11 in opposition to motion [NYSCEF Doc. No. 242]).

The decision states, in relevant part,

> "As the two actions arise out of the same facts, the same proprietary lease, and the same determinations of the board, this action should be dismissed pursuant to CPLR3211(a)(4).  It is inconsequential that in this action Plaintiffs allege breach of fiduciary duties while in the 2018 Action they seek declaratory judgment.  This is especially the case where the declaratory judgment and breach of fiduciary duty claims are intertwined and closely related legal theories, and determination of one will prove conclusive of the other.  Rather than burdening the Court with two separate actions and numerous motions, the proper course of action would have been to amend Plaintiffs' Complaint in the 2018 action to

assert the alleged breach of fiduciary duties to streamline the litigation in one action and before one judge. Therefore, Plaintiffs' Complaint is dismissed pursuant to CPLR321l(a)(4)" (*id.* at 2-3 [internal citations omitted]).

This court was assigned a non-jury trial of this action, and this court held a pre-trial conference on January 3, 2025. Based on the parties' availability, this court scheduled the trial to commence on February 18, 2025.

On January 23, 2025, plaintiffs e-filed a letter informing this court of Justice Rosado's decision, and requesting a virtual conference to discuss "how best to proceed" (*see* NYSCEF Doc. No. 212; *see also* Plaintiffs' Exhibit A in support of motion [NYSCEF Doc. No. 225]). Plaintiffs asserted that Justice Rosado's decision "has implications for our upcoming trial and the procedural posture of this action" (*id.*). Plaintiffs proposed that this court:

(a) "could concur with Judge Rosado's decision and confirm that the Coop's refusal to allow the Plaintiffs to cure and sell will be addressed within the Action";
(b) "could grant leave to Plaintiff to formally amend the Complaint before trial to incorporate causes of action and/or remedies underlying the Directors' and the Coop's refusal to allow the Plaintiffs to cure and then sell their apartment";
(c) "could grant leave to Plaintiff to formally amend the Complaint to add Plaintiffs' claims regarding the Coop's restraint of their apartment, and then sever them for later trial by the Court, after whatever limited and expedited disclosure is deemed appropriate by this Court" (*id.*).

By a letter dated and e-filed January 24, 2025, the Co-op asked the court "to reject the proposals and suggestions outlined by plaintiffs' counsel in their letter, dated January 23, 2025" (NYSCEF Doc. No. 213; *see also* plaintiff's Exhibit B in support of motion [NYSCEF Doc. No. 226]).

On February 18, 2025, the first scheduled date of the trial, this court heard plaintiffs' application on the stenographic record (*see* Co-op's Exhibit 15 in opposition [NYSCEF Doc. No. 246]).

Plaintiffs' counsel stated,

"I am not sure it's so much as an application. It's something that we believe is an actual consequence of Judge Rosado's decision.

               \* \* \*

The hearing -- the testimony that we will present today would not change at all. We will present the same testimony, the same evidence that we would have had the fiduciary duty action not be dismissed. Nothing has changed whatsoever. The only difference is the remedy that we -- the additional remedy that we would be requesting that this Court render; that

is simply damages and simply telling the co-op let them sell the apartment, but the facts, the evidence, are identical.

\* \* \*

So when I say it's not our application, we believe it's a natural consequence of Judge Rosado's decision. There is nothing else this Court could do, with all due respect. My client cannot be left without a remedy. We are bound by Judge Rosado's decision, and we will ask the Court just at the end of the trial to entertain those causes of action. Nothing else will be different.

\* \* \*

THE COURT: So to be clear, you are not seeking any kind of amendment of the pleadings in this action?

MR. MINIKES: At the moment we are not because we are here ready to proceed with the trial. I would ask the Court if the Court would accept an oral application at this point, then the Court could rule on that application. We obviously have not made a written application, so it would be my oral application right now requesting the amendment, but again, we are not seeking to change anything in terms of the pleadings other than to bring in the relief; the damages and the injunctive relief that we were seeking in that action that we believe this 4 Court has the authority to do"  (tr. at 3, line 11 through 5, line 7, line 17 through 8, line 4).

This court denied the application, stating:

"So this is an oral application for amendment to conform the pleadings to the proof at trial is permissible under CPLR 3025, Subsection C. So it can be made during the course of trial.

However, changing the pleadings to entirely new causes of action, that can also be sought by a motion under CPLR 3025, Subdivision B, it is just that the proposed pleadings have to be submitted to the Court to review this, and the pleadings have to not be either by result of surprise or prejudice, and the party opposing the amendment can argue that the proposed pleading is plainly lacking the merit.

It sounds like what Counsel Margolis was arguing here this morning that there was no duty that was owed -- no fiduciary duty owed by the co-op to the shareholders. I am hearing that a little bit, but procedurally, to the extent that the plaintiffs are making an oral application to conform the pleadings to the proof, we have not started the trial yet. That will come much later into the trial.

The application to conform the pleadings to the proof is denied. To the extent that you are making an oral application to amend the pleadings to assert other causes of action such as breach of fiduciary duty, that's

also denied because this would be a significant change in the cause of action that's pled here.

The Court, in this action, as set forth in the summons and complaint, the Court's issuing a declaratory judgment as to whether or not the plaintiffs were in default for having a washing machine in their apartment. So while the other things that happen with the co-op would come out during the trial, the focus of the Court in this trial as it exist[s] in the pleadings is whether the use of the washing machine in the apartment constituted a violation of the proprietary lease or the house rules regarding washing machines.

My concern has to do with the extent of damages for the breach of fiduciary duty. Now, in the -- during the pretrial conference, which was not on the stenographic record, the parties had indicated that -- actually the plaintiffs had indicated that the potential realm of damages for breach of fiduciary duty would possibly be in the millions; the co-op apartment is now worth like $6 million and that the, you know, the loss of the opportunity to sell the apartment at the time when the plaintiffs had sought the co-op board approval, had hurt them because they would have been able to sell the apartment at a much higher value at the time the co-op board refused than our market conditions now.

Those kinds of evaluation of the amount of damages really requires a lot of discovery that would never have taken place just determining whether or not the washing machine was permitted under the co-op board.

I don't see how it would be fair to the defendants to have to defend on that without knowing how your experts even arrived at the number or seeing the difference with the market conditions. That being said, it was the defendants who had argued that the lawsuit should be dismissed based on prior pending action. So I agree on some level with the plaintiffs that the defendants should not complain for the application that they would be judicially estopped to argue that the action would be fundamentally different from what they had argued in front of Judge Rosado because the defendants obtained a  judgment in their favor based on a p[os]ition that they may have taken in front of Judge Rosado.

With that being said, I don't have to permit the amendment. The amendment is going to significantly enlarge the case in terms of the damages. Now under prior pending action, the parties do not have to be identical, there has to be a substantial overlap for the Court to determine that in the case.

I am surprised by the ruling. I am frankly surprised by the ruling, and the parties have to live with that ruling. But I am not going to permit an

oral amendment of the pleadings to allege the causes of that action that were part of the fiduciary duty action" (*id.* at 18, line 12 through 21, line 17).

## DISCUSSION

Plaintiffs argue that Judge Rosado's decision in the Directors lawsuit that the two actions were identical constituted law of the case that this court was bound to follow. Additionally, they maintain that an earlier decision on a discovery motion in this case by Justice Barbara Jaffe constitutes law of the case. Finally, plaintiffs assert that this court should have rejected the Co-op's arguments in opposition to the application, because the Co-op should have been judicially estopped from arguing that this case involved no facts other than as to the default itself.

Reargument is denied. The court did not overlook or misapprehend any facts or law.

As a threshold matter, plaintiffs assert that the court misconstrued plaintiffs' prior application as an application for leave to amend the complaint. They appear to argue that their prior application was not for leave to amend their complaint, because "they never should have had to move to amend; this Court should have followed Judge Rosado's order (and a prior order in this case by Judge Jaffee) and ordered a trial of all the issues and remedies" (Plaintiff's memo of law at 7 [NYSCEF Doc. No. 250]).

First, this court understood plaintiffs' application as seeking leave to amend because plaintiffs' application clearly suggested that this court grant plaintiffs "*leave to Plaintiff to formally amend the Complaint before trial* to incorporate causes of action and/or remedies underlying the Directors' and the Coop's refusal to allow the Plaintiffs to cure and then sell their apartment" and for "*leave to Plaintiff to formally amend the Complaint* to add Plaintiffs' claims regarding the Coop's restraint of their apartment" (NYSCEF Doc. No. 212 [emphasis added]).

Obviously, the parties in the Directors lawsuit are not parties in this action, and the monetary relief that plaintiffs were seeking for breach of fiduciary duty in the Directors lawsuits was not sought in this action. So in order to grant plaintiffs the relief that the plaintiffs seek, the complaint must be amended. Thus, this court reviewed plaintiffs' application under the standards for granting leave to amend under CPLR 3025.

As this court pointed out when plaintiffs' application was denied, no proposed pleading was submitted when plaintiffs made the oral application to amend the complaint, in violation of CPLR 3025 (b) (tr. at 18, lines 19-21). Even on this motion, plaintiffs have not submitted any proposed amended pleading, "clearly showing the changes or additions to be made to the pleading" (CPLR 3025 [b]). Because the application was procedurally defective, leave to amend the complaint pursuant to CPLR 3025 (b) cannot be granted.

On the merits, leave to amend could not have been granted. As this court had ruled, amendment on the eve of trial would be prejudicial to the Co-op. "[W]here, as here, the proposed amendment inserts a new theory of liability into the case on the eve of trial, it is clear that undue prejudice will result to the defendant" (*Evans v Kringstein*, 193 AD2d 714, 715 [2d Dept 1993]). There was no discovery as to the factual basis for the calculation of the measure of plaintiffs' damages for two causes of breach of fiduciary duty asserted in the Directors' lawsuit.

The court agrees with plaintiffs that, having obtained dismissal of the Directors lawsuit on the ground that the Directors lawsuit was sufficiently identical to this action to warrant dismissal pursuant to CPLR 3211 (a) (4), the Co-op's directors[1] would be judicially estopped from arguing that the Directors lawsuit is not identical to this action (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301, 303 [1st Dept 2005] [the doctrine of judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed]).

However, the Co-op would not be judicially estopped from opposing leave to amend on the ground that the proposed amendment would be patently meritless, which is an argument that is separate from, and not contrary to, the argument that the two lawsuits are identical. The Co-op had vigorously opposed the oral application on the ground that a cause of action for breach of fiduciary duty against the Co-op would be patently meritless, and this court agrees. "[T]he corporation itself does not owe a shareholder a fiduciary duty" (*Suber v Churchill*, 228 AD3d 414, 415 [1st Dept 2024], *citing Peacock v Herald Sq. Loft Corp.*, 67 AD3d 442, 443 [1st Dept 2009]).

To the extent that plaintiffs' letter had asked this court to "confirm that the Coop's refusal to . . . sell [plaintiffs' apartment] will be addressed" in this action, this court granted the relief for clarification, by confirming that the Coop's refusal to permit plaintiffs to sell their apartment was *not* part of this action. At issue in this action is whether the grounds stated in a purported notice to cure were, in fact, true. That is, whether plaintiffs were in default of their obligations in their proprietary lease because (1) they had an unauthorized washing machine in their co-op apartment, and (2) they failed to seal and restore the fire proof integrity of an exhaust stack.

As this court had explained when the application was denied, the Co-op's alleged refusal to grant plaintiffs permission to sell their apartment is not a necessary element in determining the validity of either ground set forth in the purported notice to cure. Neither is the alleged refusal of permission to sell an element of any defense to the purported notice to cure.

A common fact between this action and the Directors lawsuit is the purported notice to cure, which was a predicate notice to termination of the plaintiffs' proprietary

---

[1] The Co-op was not a party to the Directors lawsuit; the argument of prior pending action was raised by the individual directors of the Co-op. On this motion, plaintiffs make no distinction between the Co-op and its individual directors for applicability of the doctrine of judicial estoppel.

[* 7]

lease.  Another common issue appears to be whether the Co-op should have repaired the hole in the ventilation stack (compare complaint ¶ 19 ["Plaintiffs do not have the obligation to perform remedial work on the ventilation system"] *with* complaint ¶¶ 22-25 in *Alonso v Doherty* ["Under the Proprietary Lease, the Corporation has the right and obligation to enter a tenant's apartment to perform any structural repairs necessary"]).

However, plaintiffs' counsel conceded that, if plaintiffs were to lose this case, plaintiffs could still have a viable cause of action against the Co-op for its refusal to let plaintiffs sell the apartment even if they were unable to cure their defaults, had the Directors lawsuit not been dismissed (tr. at 25, lines 3-6).  Thus, this action might not have disposed of all of the alleged breaches of fiduciary duty in the Directors lawsuit.[2]

Although plaintiffs creatively argue that amendment was unnecessary because the causes of action of Directors lawsuit were subsumed into this lawsuit by operation of law (plaintiffs' memo of law at 7, 10 n 1), this argument fails.

A dismissal of an action on the ground of another prior pending action does not cause that prior action to subsume automatically the causes of action and allegations of the dismissed action.  The flaw in plaintiffs' argument is illustrated by the fact that dismissal based on a prior pending action could be based on action pending in another state or in federal court.  It is procedurally impossible that dismissal of an action necessarily causes the action pending in another jurisdiction to subsume anything from the dismissed action.

On its face, Justice Rosado's decision expressly dismissed the Directors lawsuit; it did not order consolidation of the Directors lawsuit with this action.  Dismissal of the causes of action in the Directors lawsuit on the grounds of prior pending action does not automatically result in any consolidation of the Director lawsuit with this action, or any amendment of the complaint in this action.   A priori, such relief would not be necessary at all.  If the parties and causes of action in Directors lawsuit were completely identical to the parties and causes of action here, there would be no need for consolidation or for amendment of the complaint in this action.

Plaintiffs' argument that Justice Rosado's decision constitutes law of the case in this action is without merit.  As defendant points out, the law of the case doctrine does not apply here because "it applies to various stages of the *same litigation* and not to *different litigations*" (*McGrath v Gold*, 36 NY2d 406, 413 [1975] [emphasis added]).  Justice Rosado's decision in the Director's lawsuit was under a different index number, not in this action.  Thus, a priori, Justice Rosado's decision was not in the same litigation.

---

[2] In such a situation, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211 [a] [4]), such as a granting stay of the second action pending the outcome of the first action, or consolidation of the two actions (*see* John R. Higgitt, Supp Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3211:17)

**158349/2018   ALONSO, MARK J. vs. 401 EAST 74 OWNERS CORP.**                          **Page 8 of 10**
**Motion No.  004**

[* 8]

Plaintiffs' reliance upon *Padela v Rosen & Weidlberg* (200 AD2d 722 [2d Dept 1994]) and *Glynwill Invs., N.V. v Shearson Lehman Hutton, Inc.* (216 AD2d 78 [1st Dept 1995]) is misplaced. There, a justice of the Supreme Court, Nassau County denied a motion for a change of venue and joint trial with an action pending in Supreme Court, Suffolk County. Thereafter, the defendants in the action in Supreme Court, Suffolk County, brought an identical motion for a change of venue and consolidation/joint trial, which was denied on the ground that the denial of the motion in the Nassau County action constituted law of the case in the action pending in Suffolk County. On appeal, the Appellate Division, Second Department ruled that the justice in Suffolk County corrected denied the motion on the ground of law of the case, but nevertheless reversed the motion court, reasoning that a joint trial of the actions was warranted.

Here, unlike *Padela*, this is not a situation where a motion that was made and decided in the Directors lawsuit is now being made in this action. By way of illustration, it is not as if defendants had moved for a joint trial or consolidation of the Directors lawsuit,[3] and then the Co-op (or even the plaintiffs) sought identical relief in this action. *Glynwill* is apparently involved a determination made in the same lawsuit—law of the case was applied to the determination of the justice who was previously rendered a determination in the same case.

Plaintiffs' argument that Justice Jaffe's prior decision in this case constitutes law of the case was not raised when plaintiffs made the oral application. "Reargument is not designed . . . to present arguments different from those originally asserted" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks and citations omitted]).

In any event, Justice Jaffe's prior decision does not constitute law of the case. As plaintiffs themselves acknowledge, the doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision'" (*HSBC Bank USA, N.A.*, 202 AD3d 1065, 1068 [2d Dept 2022]).

By decision and order dated November 22, 2021, Justice Jaffe granted plaintiffs' discovery motion to compel the Co-op "to provide plaintiffs with any alteration agreements submitted by other shareholders in the building since 1995 and related to washing machines and/or dryers" (*see* NYSCEF Doc. No. 135). Justice Jaffe reasoned that plaintiffs were entitled to such discovery because the discovery was related to "plaintiffs' claim that the building has engaged in bad faith toward them by imposing a more onerous requirement on them than others" (*id.* at 4). Thus, Justice Jaffe did not make a legal determination that the Co-op had engaged in bad faith, or that the Co-op had imposed a more onerous requirement on plaintiffs than others. Justice Jaffe merely reasoned that the discovery sought was relevant to such contentions.

Even assuming, for the sake of argument that Justice Jaffe made a legal ruling that "bad faith" was part of this action, it does not follow that plaintiffs were asserting a

---

[3]Neither did plaintiffs ever move to consolidate the Directors lawsuit with this action.

claim for breach of fiduciary duty, or that plaintiffs were seeking monetary damages for the claims of bad faith, as opposed to proving bad faith as a defense to the validity of the purported notice to cure. The complaint in this action seeks monetary damages only for attorneys' fees.

The court has considered plaintiffs' remaining arguments and finds them unavailing. Plaintiffs' request for clarification so as to "advise Judge Rosado of those portions of the claim which she should take back" is improperly raised for the first time in reply (*see* plaintiffs' reply memo of law at 4 [NYSCEF Doc. 275]).

The branch of plaintiffs' motion for a stay of the trial pending the determination of this motion is denied as academic. This motion was decided before the next scheduled date of the continued trial.

## CONCLUSION & ORDER

Accordingly, it is hereby **ORDERED** that plaintiffs' motion to reargue this court's pre-trial ruling on plaintiffs' application and for a stay of the trial is **DENIED**.

20250529183559RTSAI12D080C172834B41AF6E2ECD8C66A724

| 5/29/2025 | | | RICHARD TSAI, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 10]