JPMorgan Chase Bank, N.A. v Dewar (2025 NY Slip Op 03558)

JPMorgan Chase Bank, N.A. v Dewar

2025 NY Slip Op 03558

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-04451
 (Index No. 10151/13)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Kimesha N. Dewar, etc., et al., appellants, et al., defendants.

Andrea S. Gross, St. Albans, NY, for appellants.
Fein, Such & Crane, LLP, Rochester, NY (Michael S. Hanusek and Richard Gerbino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kimesha N. Dewar and Amin A. Basset appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated May 11, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 317 and 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered May 9, 2018, for leave to serve a late answer, to set aside the foreclosure sale of the subject property for failure to comply with RPAPL 1351, and to toll the accrual of interest on the subject mortgage loan.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendants Kimesha N. Dewar and Amin A. Basset which was pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 19, 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Kimesha N. Dewar and Amin A. Basset (hereinafter together the defendants). According to two affidavits of service, the plaintiff's process server averred that he served both defendants on August 29, 2013, by delivering copies of the summons and complaint to Dennis Basset, a cotenant at the mortgaged property. The defendants failed to answer the complaint.
On December 15, 2014, the plaintiff and Dewar entered into a stipulation to adjourn the plaintiff's motion for leave to enter a default judgment and for an order of reference. The law offices of Andrea S. Gross appeared for Dewar. On June 7, 2017, the Supreme Court issued an order of reference. In an order and judgment of foreclosure and sale entered May 9, 2018, the court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property.
In an order entered February 11, 2019, the Supreme Court denied the defendants' motion, inter alia, pursuant to CPLR 5015(a) to vacate the order of reference and the order and judgment of foreclosure and sale. The defendants appealed from order entered February 11, 2019. They failed to perfect the appeal, and it was deemed dismissed (see 22 NYCRR 1250.10[a]).
On December 1, 2022, the defendants moved, inter alia, pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale, for leave to serve a late answer, to set aside the foreclosure sale of the property for failure to comply with RPAPL 1351, and to toll the accrual of interest on the mortgage loan. In support of their motion, the defendants each submitted their own affidavit, in which they denied being served with the summons and complaint.
The defendants also submitted the affidavit of Dennis Bassett, in which he stated that "[t]he process server claims that he handed me a copy of the papers for myself and copies for both Amin and Kimesha. He described the person he allegedly served as a 28 to 32-year-old male with black skin, black hair, 6'0" to 6'4" in height and weighing 270-280 pounds." He stated: "It is my testimony that I was never served with a copy of the Notice, Summons and Complaint by the process server." He stated that he was actually 55 years old in 2013 and that he had gray hair.
The defendants stated that they were not challenging the Supreme Court's jurisdiction, and argued instead that the failure to properly serve them with the summons and complaint constituted a reasonable excuse for their default pursuant to CPLR 5015(a)(1). The motion also sought to vacate the defendants' default pursuant to CPLR 5015(a)(3), on the ground that the plaintiff purportedly submitted fraudulent documents regarding its compliance with RPAPL 1304.
In an order dated May 11, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale, for leave to serve a late answer, to set aside the foreclosure sale of the property for failure to comply with RPAPL 1351, and to toll the accrual of interest on the mortgage loan. The defendants appeal.
The appeal from so much of the order as denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale must be dismissed. The issues raised on the appeal from that portion of the order could have been raised on the earlier appeal from the order entered February 11, 2019. As a general rule, this Court does not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353). We decline to exercise our discretion in this case (see Nationstar Mortgage, LLC v Broome, 227 AD3d 731).
The Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 317 to vacate the order and judgment of foreclosure and sale and for leave to serve a late answer. Because Dewar appeared in the action in the stipulation of adjournment dated December 15, 2014, CPLR 317, which applies to a defendant "who does not appear," does not apply. With respect to Basset, the defendants failed to rebut the affidavits of the process server (see US Bank, N.A. v Cherubin, 141 AD3d 514, 516).
The Supreme Court also properly denied that branch of the defendants' motion which was to toll the accrual of interest on the mortgage loan. Regarding prejudgment interest, the court properly determined that the "[d]efendants remain[ed] in default and to the extent the . . . papers [made] substantive arguments against the granting of the underlying Judgment of Foreclosure and Sale, [the] Defendants [were] precluded from raising same" (see generally CPLR 5015[a][1]; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). Regarding postjudgment interest, the defendants failed to establish sufficiently egregious conduct on the part of the plaintiff (see Bank of Am., N.A. v Montagnese, 198 AD3d 850, 852).
The defendants' remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court