Federal Natl. Mtge. Assn. v Markowitz (2025 NY Slip Op 06993)

Federal Natl. Mtge. Assn. v Markowitz

2025 NY Slip Op 06993

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-03004
 (Index No. 25314/11)

[*1]Federal National Mortgage Association, etc., respondent, 
vIssac Markowitz, appellant, et al., defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa and Christopher Villanti of counsel), for appellant.
Knuckles & Manfro, LLP, Tarrytown, NY (Heino J. Muller and Mark Garcia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Isaac Markowitz appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 10, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the motion of US Bank Trust National Association, as the plaintiff's assignee, which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In November 2011, Citimortgage, Inc., commenced this foreclosure action against the defendant Isaac Markowitz (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn, alleging that the defendant defaulted in his mortgage payments. Thereafter, the mortgage was assigned to the plaintiff. The plaintiff subsequently assigned the mortgage to US Bank Trust National Association, not in its individual capacity, but solely as Owner Trustee for VRMTG Asset Trust (hereinafter US Bank). In September 2022, US Bank, as the plaintiff's assignee, moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated March 10, 2023, the Supreme Court, among other things, granted those branches of the motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Blair-Walker, 202 AD3d 1065, 1068 [internal quotation marks omitted]; see U.S. Bank N.A. v Young, 214 AD3d 841, 842-843; 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237).
Here, the referee relied on the affidavit of a document verification specialist of NewRez, LLC, doing business as Shellpoint Mortgage Servicing (hereinafter Shellpoint), the servicer for US Bank. The affidavit attached, inter alia, a copy of the note; the mortgage; assignments of mortgage; printouts of payoff amounts and expenses, including insurance, taxes, and transaction fees; a loan history summary; and a loan corporate advance fee history. The business records that the affiant relied upon, in calculating the amounts due and owing, and upon which the referee relied, were annexed to the affidavit. Contrary to the defendant's contention, the affidavit successfully laid a foundation for the admissibility of business records annexed to the affidavit evidencing certain amounts due, including those records created by prior loan servicers, as the affiant "made the requisite showing that the prior servicer[s'] records were incorporated into [Shellpoint's] own records and routinely relied upon by [Shellpoint] in its business" (Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732; see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918, 921).
Accordingly, the referee's computations were substantially supported by the record, and, thus, the Supreme Court properly confirmed the referee's report (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d at 951).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court